**FILED**

FEB 1 2005

LARRY W. PROPES, CLERK
COLUMBIA, SC

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 0:04-777 (CMC) |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| CHARLES KILPATRICK, SR. | ) | |
| | ) | |

AGREEMENT made this 1st day of February, 2005, between and among the United States of America, as represented by Acting United States Attorney, JONATHAN S. GASSER, Assistant United States Attorney Dean A. Eichelberger; the Defendant, **CHARLES KILPATRICK, SR.**, and Defendant's Attorney, William N. Nettles, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1.  The Defendant, **CHARLES KILPATRICK, SR.**, agrees to plead guilty to Count One of the Indictment now pending, FED. R. CRIM. P. 11(a), which charges conspiracy to traffic in goods and knowingly to use counterfeit marks on such goods, a violation of Title 18, United States Code, Section 371. The elements of this offense are:

ONE: The conspiracy, agreement, or understanding to commit the federal crime, as described in the indictment, was formed, reached, or entered into by two or more persons;

TWO: At some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment in order to further or advance the purpose of the agreement; and

THREE: At some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement, or understanding.

34

**Maximum Penalty** (If the underlying crime is a felony)

5 years imprisonment
$250,000 fine
3 years Supervised Release
$100 Special Assessment

2. The Defendant, **CHARLES KILPATRICK, SR.**, consents to the immediate commencement of a presentence investigation, FED. R. CRIM. P. 32(c).

3. The Defendant, **CHARLES KILPATRICK, SR.**, understands that in addition to any fines that the Court may impose, the Court will assess $100.00 for each felony count to which he pleads guilty and will assess $25.00 for each misdemeanor count to which he pleads guilty. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if he fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

4. The Attorneys for the Government agree to dismiss the remaining counts of the Indictment with the understanding by the Defendant, **CHARLES KILPATRICK, SR.**, that no limitation shall be placed upon the Court's consideration of any information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence, and such dismissed counts may be considered as relevant conduct pursuant to Section 1B1.3 of the United States Sentencing Commission Guidelines, FED. R. CRIM. P. 11(e)(1)(A).

5. The Defendant, **CHARLES KILPATRICK, SR.**, and the government stipulate to the following facts relevant to sentencing pursuant to Guideline Section 6B1.4:

a. The items of clothing that are the subject of this prosecution were intended for sale at flea markets at a price of approximately $3.00 per shirt – substantially lower than the estimated price of $15.00 per item for genuine goods. Based upon the price and the sales venue, a reasonably informed purchaser would not be deceived into believing that the goods were identical to or substantially equivalent to genuine goods;

b. For purposes of determining the infringement amount pursuant to Guideline Section 2B5.3, the following values apply:

1. 16,000 shirts @ $3 each = $48,000 – The codefendant in this case stated that Mr. Phillips had paid him $16,000 over the course of their dealings. This money was earned at the rate of $.50 per shirt for screen printing services. It reasonably appears that not all of the screen printing involved counterfeit marks. One-half of the total number of shirts is submitted as a reasonable estimate of the number of shirts;

2. 1620 Nike shirts seized from Phillip's trailer @ $3 each – $4,860

3. 420 Green Bay Packers Shirts @ $3 each – $1,260

4. 60 professional team sports shirts @ $3 each – $180

5. 60 college team sports shirts @ $3 each – $180

6. 301 dozen sox @ approximately $6.00/doz. = $1,806

7. **Total Infringement Amount – $56,286**

c. Pursuant to Guideline Section 2B5.3, the following guidelines apply:

1. Base Offense Level (2B5.3(a) – 8
2. Infringement amount (2B5.3(b)(1) – 6
3. Offense involved manufacturing (2B5.3(b)(2) - 2
4. Unadjusted Offense Level – 16
5. Reduction for Acceptance of Responsibility (-2)
6. Third Level for Acceptance of Responsibility (-1) [See Paragraph 6]
7. Adjusted Offense Level – 13

d. The government does not believe that any victim in this matter suffered a cognizable loss within the meaning of the restitution provisions of the federal laws. Accordingly, the United States does not intend to seek an order of restitution in this case.

6. Provided that the defendant is adjudged by the Court as meeting the criteria for acceptance of responsibility as set out in Section 3E1.1, the attorneys for the government agree to move the Court to grant the third level reduction for acceptance of responsibility;

7. The attorneys for the government understand that the defendant intends to seek a sentence outside of the guidelines. The government reserves the right to respond to any questions that the Court might have at sentencing, but agrees that it will leave the matter of the appropriate sentence to the Court and that should the Court grant the motion, the government will not appeal on the ground that the sentence is unreasonable. The Defendant, CHARLES KILPATRICK, SR. understands and agrees that if the Court should reject his request for a sentence outside the Guidelines, he will not be permitted to withdraw his plea.

8. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant in exchange for the concessions made by the United States in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct.

9. The Defendant, **CHARLES KILPATRICK, SR.**, understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to Defendant's case will be imposed in conformity with the Sentencing Reform Act of 1984, as amended by the Supreme Court. The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government, or the United States Probation Office is only a prediction, not a promise, and is not binding on the Attorneys for the Government, the Probation Office or the Court. The Defendant further understands that the Attorneys for the Government retain the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant, and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED. R. CRIM. P. 11(f).

10. The Defendant, **CHARLES KILPATRICK, SR.**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon

the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

11. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

2-1-05
DATE

*signature*
CHARLES KILPATRICK, SR., Defendant

2-1-05
DATE

*signature*
William N. Nettles
Attorney for the Defendant

JONATHAN S. GASSER
ACTING UNITED STATES ATTORNEY

2/1/05
DATE

BY: *signature*
Dean A. Eichelberger
Assistant U. S. Attorney